**Simeon MORIN, et al., Plaintiffs,**

v.

**Barry H. TRUPIN, et al., Defendants.**

**Norman E. GAAR, Plaintiff,**

v.

**Barry H. TRUPIN, et al., Defendants.**

**Michael P. ALBERTI, M.D., et al., Plaintiffs,**

v.

**Barry H. TRUPIN, et al., Defendants.**

**Nos. 88 Civ. 5743 (RWS), 89 Civ. 6639 (RWS) and 90 Civ. 3475 (RWS).**

United States District Court, S.D. New York.

July 27, 1992.

Fink Weinberger, P.C. (Stephen E. Power, of counsel), New York City, for plaintiffs.

D'Amato & Lynch (Stephen F. Willig, of counsel), New York City, for defendants Mintz & Zeiger, P.C., Frederick M. Mintz and Alan Fraade.

## OPINION

SWEET, District Judge.

Plaintiffs in the related actions of *Morin v. Trupin*, No. 88 Civ. 5743, and *Alberti v. Trupin*, No. 90 Civ. 3475, have moved pursuant to § 476 of the FDIC Improvement Act of 1991, 15 U.S.C. § 78aa, to reinstate their claims under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 which were previously dismissed as time-barred by opinion and order of this court dated November 18, 1991 (the "Opinion"). *See Morin v. Trupin*, 778 F.Supp. 711 (S.D.N.Y.1991). For the following reasons, the motion is granted in part and denied in part.

*Background*

The complaint in the *Alberti* action was filed on May 22, 1990. The plaintiffs in the *Morin* action, which is actually a consolidation of four separate actions, filed their complaints on August 17, 1988 (the *Morin* complaint), November 29, 1988 (the *Blaikie* complaint), May 23, 1989 (the *Petersen* complaint) and October 18, 1989 (the *Seal* complaint). These four complaints were

consolidated under index number 88 Civ. 5743 in December of 1989. The *Morin* complaint was amended on April 4, 1991 to add additional plaintiffs. Additional plaintiffs were named in the *Alberti* action by Amended Complaint on June 28, 1990 and by the Second Amended Complaint on February 22, 1991. On November 19, 1991, the § 10(b) claims of all of the *Alberti* plaintiffs and of those *Morin* plaintiffs listed in the Opinion were dismissed as time-barred under the one-year/three-year statute of limitations established in the Supreme Court's June 20, 1991 opinion in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) and made retroactive by *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), an opinion handed down the same day.[1]

On December 19, 1991, President Bush signed into law § 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102–242, 105 Stat. 2236 (codified at § 27A of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa–1), which proscribed *pro forma* retroactive application of the *Lampf* rule. New section 27A provides that:

> (a) EFFECT ON PENDING CAUSES OF ACTION—The limitation period for any private action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

> (b) EFFECT ON DISMISSED CAUSES OF ACTION—Any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991—

> > (1) which was dismissed as time barred subsequent to June 19, 1991, and

> > (2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,

> shall be reinstated on motion by the plaintiff no later than 60 days after the date of enactment of this section.

The *Morin* and *Alberti* plaintiffs now move pursuant to § 27A(b) for reinstatement of their § 10(b) claims.[2] The Mintz Fraade Defendants, as defined in the Opinion, oppose the motion on the grounds that the plaintiffs' § 10(b) claims are untimely even under the law as it existed in this Circuit on June 19, 1991.[3] The present motion was filed on February 4, 1992. Oral argument was heard on March 11, 1992 and the motion was considered fully submitted on March 27, 1992.

*Discussion*

There is no dispute that the *Morin* and *Alberti* plaintiffs have established three of the four elements necessary for reinstatement pursuant to § 27A(b): they filed these actions prior to June 19, 1991; their claims were dismissed as time-barred subsequent to June 19, 1991; and they brought this motion to reinstate on February 4, 1991, within 60 days of the enactment of § 27A on December 19, 1991.

---

**1.** With respect to the *Morin* action, this opinion relates solely to those plaintiffs whose § 10(b) claims were dismissed as time-barred.

**2.** As held in the Opinion, plaintiffs' § 10(b) claims against defendant Abrams and the Becker Defendants were not pleaded with particularity as required by Rule 9(b), Fed.R.Civ.P. *See Morin,* 778 F.Supp. at 717–18, 731–32. Thus, any § 10(b) claims reinstated by this opinion are relevant only as against the Mintz Fraade Defendants. However, the court is cognizant of a pending motion to amend the Second Amended Complaints in the *Morin* and *Alberti* actions. Should that motion be granted, and should the § 10(b) claims against those defendants be

found to satisfy Rule 9(b)'s pleading requirements, the holding of this opinion as to the timeliness of those claims shall apply to effect a reinstatement.

**3.** The Mintz Fraade Defendants have not attacked the constitutionality of § 27A although the plaintiffs, curiously, have defended against a phantom challenge in their reply papers. As this issue is not properly before the court, it shall not be addressed. However, for the reasons expressed in *Rabin v. Fivzar Assocs.,* 801 F.Supp. 1045 (S.D.N.Y.1992), the statute is not unconstitutional in this case, either facially or as applied.

The Mintz Fraade Defendants contend, however, that the § 10(b) claims previously dismissed would not have been timely under "the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991." There is no dispute that "the jurisdiction" to which the court must look for the applicable law is the Second Circuit.

On June 19, 1991, the statute of limitations for § 10(b) claims within this jurisdiction was the one-year/three-year period established in *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990) "applied sparingly in light of the retroactivity principles enunciated in *Welch [v. Cadre Capital,* 923 F.2d 989 (2d Cir.1991) ("*Welch I*"), *vacated and remanded sub nom., Northwest Sav. Bank PaSa v. Welch,* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 *aff'd,* 946 F.2d 185 (2d Cir.1991) ("*Welch II*")]." *Henley v. Slone,* 961 F.2d 23, 26 (2d Cir.1992).

In *Ceres,* the second Circuit adopted a uniform statute of limitations for claims under § 10(b) and Rule 10b–5 of one year after the discovery of the alleged fraud and three years after the occurrence of the alleged conduct. *See Ceres,* 918 F.2d at 359, 364 (following *Short v. Belleville Shoe Mfg. Co.,* 908 F.2d 1385 (7th Cir.1990) and *In re Data Access Sys. Secs. Litig.,* 843 F.2d 1537 (3d Cir.) (*en banc*), *cert. denied,* 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988)). The court thereby broke from its longstanding practice of applying the forum state's most analogous state statute of limitations, including so-called "borrowing statutes," to claims under § 10(b) and Rule 10b–5. *See, e.g., Armstrong v. McAlpin,* 699 F.2d 79, 86–87 (2d Cir.1983); *Stull v. Bayard,* 561 F.2d 429, 431–32 (2d Cir.1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978); *Arneil v. Ramsey,* 550 F.2d 774 (2d Cir.1977). Although the *Ceres* court explicitly refused to address the retroactive effect of its ruling, *see Ceres,* 918 F.2d at 364, that question was soon resolved in *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.) ("*Welch I*"), *vacated and remanded sub nom., Northwest Savs. Bank,*

*PaSa v. Welch,* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 *aff'd,* 946 F.2d 185 (2d Cir.1991). After conducting the three-part test set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the *Welch I* court held that the limitations period established in *Ceres* did not apply retroactively to the case before it.

■ The effect of *Welch I,* therefore, was to establish that the retroactive application of *Ceres* must be determined on a case-by-case basis according to the *Chevron* test. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 967 F.2d 742, 751–52 (2d Cir.1992); *Grondahl v. Merritt & Harriss, Inc.,* 964 F.2d 1290 (2d Cir. 1992); *Henley,* 961 F.2d at 25–26. If retroactive application is denied, the court returns to the Second Circuit's prior practice of applying the most analogous state statute of limitations.

■ Thus, under the present state of the law, *Lampf* applies only to those cases filed on or after June 20, 1991; *Ceres* applies only to those cases filed in the Second Circuit either (1) on or after November 8, 1990 or (2) before November 8, 1990 if application of the *Chevron/Welch I* test counsels retroactive application of the decision; and the forum state's most analogous statute of limitations applies to those cases filed on or before November 8, 1990 if application of the *Chevron/Welch I* test counsels against retroactive application of *Ceres.*

**A. Claims Filed After November 8, 1990**

A number of the *Morin* and *Alberti* plaintiffs filed their § 10(b) claims subsequent to *Ceres* and are thus subject to its one-year/three-year limitations period. Thus, the § 10(b) claims of the following *Morin* and *Alberti* plaintiffs, which were filed more than three years after the date of purchase, would not have been timely under the law as it existed in this jurisdiction on July 19, 1991. Accordingly, the motion to reinstate the § 10(b) claims of the following plaintiffs is denied:

| Name[4] | Purchase | Discovery[5] | Complaint[6] |
|---|---|---|---|
| W. Adkins (M) | 10/85 | 11/90 | 4/04/91 |
| V. Campbell (M) | 12/85 | 11/90 | 4/04/91 |
| E. Cole (M) | 09/86 | 11/90 | 4/04/91 |
| R. Duca (M) | 12/85 | 11/90 | 4/04/91 |
| G. Hamburg (M) | 02/86 | 11/90 | 4/04/91 |
| S. Levine (M) | 09/86 | 11/90 | 4/04/91 |
| J. Meyer (M) | 02/86 | 11/90 | 4/04/91 |
| P. Miller (M) | 12/85 | 11/90 | 4/04/91 |
| M. O'Donoghue (M) | 12/85 | 11/90 | 4/04/91 |
| K. Rivera (M) | 10/85 | 11/90 | 4/04/91 |
| N. Sendar (M) | 12/85 02/86 | 11/90 | 4/04/91 |
| A. Simoes (M) | 02/86 | 11/90 | 4/04/91 |
| R. Tupper (M) | 09/86 | 11/90 | 4/04/91 |
| H. Svare (M) | 02/86 | 11/90 | 4/04/91 |
| E. Oge (M) | 02/86 | 11/90 | 4/04/91 |
| P. Hall (M) | 12/85 | 11/90 | 4/04/91 |
| Manto/Maxwell (A) | 02/85 | 12/90 | 2/22/91 |
| Mungovan (A) | 02/85 | 12/90 | 2/22/91 |
| Naseem (A) | 02/85 | 12/90 | 2/22/91 |
| Schultz (A) | 02/85 | 12/90 | 2/22/91 |
| E. Rodriguez (A) | 02/85 | 12/90 | 2/22/91 |

## B. Claims Filed Prior to November 8, 1990

Under the three-pronged *Chevron/Welch I* test, *Ceres* does not apply retroactively to the § 10(b) claims of those *Morin* and *Alberti* plaintiffs who filed their actions prior to November 8, 1990. First, *Ceres* "establish[ed] a new principle of law ... by overruling clear precedent on which litigants may have relied," and, moreover, was not "clearly foreshadowed" at the time the relevant complaints in these cases were filed. *See Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355; *Welch I*, 923 F.2d at 993; *Rabin v. Fivzar Assocs.*, 801 F.Supp. 1045, 1049–50 (S.D.N.Y.1992) (change in rule wrought by *Ceres* not "clearly foreshadowed" in July 1990). Second, retroactive application of the statute of limitations established in *Ceres* would not serve the purpose of the new rule. *See Welch I*, 923 F.2d at 994–95. Finally, the equities weigh in favor of non-

**4.** An "(M)" denotes a plaintiff in the *Morin* action. An "(A)" denotes a plaintiff in the *Alberti* action.

**5.** The dates of discovery set forth throughout this opinion are those stated by the plaintiffs at Exhibit A to the Powers Affidavit in Further Support; they should not be construed as findings of fact although they have been treated as true for purposes of this motion. The court does find somewhat curious the *Alberti* plaintiffs' representation that they did not discover the alleged fraud until March, April or December of 1990. The Second Amended Complaint in *Alberti* alleges that "the plaintiffs were unable to ascertain the status of their limited partnership investments until *August of 1989....*" Second Amended Complaint ¶ 271. However, under the limitations periods applicable, as discussed *infra*, the calculus would not be effected if this date were substituted as the date of discovery for the *Alberti* plaintiffs.

Under the federal rule applicable in the relevant jurisdictions, the limitations period is not triggered until the plaintiff has actual or "inquiry" or "constructive" notice. *See infra.* Presumably, the date of "discovery" conceded by the plaintiffs is the date of actual discovery. The Mintz Fraade Defendants have made no attempt to establish when the plaintiffs should have discovered the alleged fraud in the exercise of reasonable diligence. Thus, this opinion does not pass upon the timeliness of the plaintiffs claims should that date indeed prove to be different.

**6.** In the Opinion, this court rejected the plaintiffs' argument that the § 10(b) claims of the plaintiffs in the *Blaikie, Petersen* and *Seal* actions, and those of the plaintiffs added by amendment "relate back" to the date of the original *Morin* complaint. That holding is reaffirmed and is equally applicable to any *Alberti* plaintiffs added by amendment.

retroactivity. Among other things, as in *Welch I*, the plaintiffs have alleged that their discovery of the alleged fraud, and thus the delay in filing suit, was caused by the defendant's active concealment. *See id.*

Because the *Ceres* rule is therefore inapplicable to the § 10(b) claims of those plaintiffs filing on or before November 8, 1990, the appropriate limitations periods under pre-*Ceres* law must be determined and applied.

### Applicable Limitations Periods [7]

Prior to *Ceres*, courts within the Second Circuit traditionally applied the forum state's most analogous statute of limitations to claims under § 10(b). *See Welch I*, 923 F.2d at 993; *Armstrong*, 699 F.2d at 86–87. In this district, that statute of limitations is to be found in both New York's statute of limitations for common law fraud actions as well as its "borrowing statute." *See Armstrong*, 699 F.2d at 87; *Arneil*, 550 F.2d at 779. In the case of plaintiffs who were residents of New York State at the time of the injury, the former period, found in N.Y.Civ.Prac.L.R. § 213(8) (McKinney 1990 Supp.) applies: the action must be commenced within six years of the commission of the alleged fraud or two years from the time the alleged wrongdoing was, or with reasonable diligence should have been, discovered. *Armstrong*, 699 F.2d at 87. In the case of plaintiffs who were nonresidents when the cause of action accrued, N.Y.Civ.Prac.L. & R. § 202 (McKinney 1990) applies. Under this "borrowing statute," a court is to apply the limitations period "of either [New York] or the place without [New York] where the cause of action accrued," whichever is shorter. "Thus, if a suit brought in the 'place' of the plaintiff's residence would be time-barred, the suit in a New York federal court is time barred." *Ceres*, 918 F.2d at 353 (citations omitted).

■ Although federal courts look to state law for the applicable limitations period, they look to federal law for guidance as to the appropriate accrual and equitable tolling principles, *See IIT v. Cornfeld*, 619 F.2d 909, 929 (2d Cir.1980) (period commences to run "when the plaintiff has actual knowledge of the alleged fraud or knowledge of facts which in the exercise of reasonable diligence should have led to actual knowledge"); *Baskin v. Hawley*, 807 F.2d 1120, 1130–31 (2d Cir.1986).

■ A plaintiff must bring a § 10(b) action in federal court. Thus, in applying the rule of "the place without the state where the cause of action accrued" a federal court sitting in New York does not automatically turn to state law but rather must look to the statute of limitations that would be applied by the federal district court where the nonresident plaintiff resided at the time of the injury. *See Ceres*, 918 F.2d at 353; *Ahmed v. Trupin*, 781 F.Supp. 1017, 1022–23 (S.D.N.Y.1992).

The relevant plaintiffs in the *Morin* and *Alberti* actions reside in California, Colorado, Connecticut, Florida, Illinois, New Jersey, New York, Ohio, Oregon, Pennsylvania, Utah and Virginia. Thus, it is necessary to determine what statute of limita-

---

**7.** Citing *Stafford v. International Harvester Co.,* 668 F.2d 142, 150–54 (2d Cir.1981), the plaintiffs argue that the borrowing statute will not be applied if the defendant would not have been subject to suit in the state from which the statute would be borrowed. That case is inapplicable in the § 10(b) context for several reasons. First, *Stafford* was a diversity case implicating concerns not present where the cause of action is based on federal law. Second, as is apparent from the practice in § 10(b) actions of applying federal accrual and tolling principles, reference to state law does not require the wholesale adoption of the forum state's statute of limitations *jurisprudence.* Rather, the federal court looks only to the *period* provided under state law as an analogous reference. Third, the authoritative pre-*Ceres* Second Circuit case regarding statutes of limitations in § 10(b) actions explicitly defines the out-of-state place of accrual under § 202 to be the place where the loss took place without citing or referring to *Stafford* or considering the principles discussed in that case. *See Armstrong*, 699 F.2d at 89. Finally, even if *Stafford* were to apply in § 10(b) actions, the plaintiffs have not established that the defendants were not subject to suit in any of the relevant jurisdictions. *Compare Stafford,* 668 F.2d at 150 (all parties conceded that defendant could not be sued in state from which statute of limitations would be borrowed).

tions would be applied by district courts in the Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits.

### 1. *Second Circuit*

Barring retroactive application of *Ceres*, a district court sitting in the Second Circuit on or before June 19, 1991 would have applied the forum state's most analogous statute of limitations. As discussed above, New York residents are subject to the two-year/six-year limitations period contained in N.Y.Civ.Prac.L.R. § 213(8) (McKinney 1990 Supp.); nonresidents are subject to the shorter of New York's two-year/six-year period and the limitations period of the party's residence.

#### a. New York Residents

Based upon the application of New York's two-year/six-year statute of limitations, the § 10(b) claims of the following New York plaintiffs are hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| Certilman (A) | 02/85 | 03/90 | 05/22/90 |
| Chisolm (A) | 02/85 | 03/90 | 05/22/90 |
| M & R Kaufman (A) | 02/85 | 03/90 | 05/22/90 |
| Kelley (A) | 02/85 | 03/90 | 05/22/90 |
| Mohiuddin (A) | 02/85 | 03/90 | 05/22/90 |
| Gary Rogers (A) | 02/85 | 03/90 | 05/22/90 |
| Sendar (A) | 02/85 | 03/90 | 05/22/90 |
| Smith (A) | 02/85 | 03/90 | 05/22/90 |

#### b. Connecticut Residents

Prior to *Ceres*, the statute of limitations for § 10(b) claims accruing in Connecticut was the state's "blue sky" limitations period of two years. *See Welch I*, 923 F.2d at 993; *Luca v. Hanson Indus.*, Fed.Sec. L.Rep. (CCH) ¶ 95,672 1990 WL 163969 (D.Conn.1990); Conn.Gen.Stat. § 36–498(f) (1990). This period commences to run when the plaintiff has actual knowledge of the alleged fraud or knowledge of facts which in the exercise of reasonable diligence should have led to actual knowledge. *Cornfeld*, 619 F.2d at 929. Under this limitations period, which is applicable here because it is shorter than New York's two-year/six-year period, the § 10(b) claims of the following plaintiffs would have been timely on June 19, 1991 and are therefore reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| Gorr–Stifel (A) | 02/85 | 03/90 | 05/22/90 |
| Stifel (A) | 02/85 | 03/90 | 05/22/90 |

### 2. *Third Circuit*

On June 19, 1991, a district court sitting within the Third Circuit would have applied the statute of limitations established in *In re Data Access Sys. Secs. Litig.*, 843 F.2d 1537 (3d Cir.1988) (en banc), *cert. denied*, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988); *see Ceres*, 918 F.2d at 353 (applying *Data Access* rule to § 10(b) claim of New Jersey resident). In that case, the Third Circuit adopted a uniform statute of limitations for § 10(b) claims of "one year after the plaintiff discovers the facts constituting the violations, and in no event more than three years after such violation." *Id.* at 1550. Although not relevant here, the Third Circuit has held that its holding is to be applied retroactively. *See Hill v. Equitable Trust Co.*, 851 F.2d 691, 698 (3d Cir. 1988), *cert. denied*, 488 U.S. 1008, 109 S.Ct.

791, 102 L.Ed.2d 782 (1989). This period is shorter than New York's two-year/six-year period, and is therefore applicable to the claims of the New Jersey and Pennsylvania plaintiffs.

Applying the *Data Access* rule, the § 10(b) claims of the following Pennsylva-nia and New Jersey plaintiffs would not have been timely on June 19, 1991. Accordingly, the motion to reinstate is denied as to the following plaintiffs:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| R. Ratner (M) | 12/85 | | |
| | 02/86 | 04/89 | 05/23/89 |
| DiLullo (A) | 02/85 | 03/90 | 05/22/90 |
| Harkins (A) | 02/85 | 03/90 | 05/22/90 |

### 3. *Fourth Circuit*

Prior to June 19, 1991, district courts within the Fourth Circuit applied the state statute of limitations that " 'most clearly addresses the same or similar policy considerations as are addressed by the federal right being asserted.' " *Howard v. Haddad*, 962 F.2d 328, 330 & n. 3 (4th Cir.1992) (quoting *Gurley v. Documation, Inc.*, 674 F.2d 253, 258 (4th Cir.1982). Thus, a district court sitting in Virginia, the only relevant Fourth Circuit state here, would apply the two-year limitations period of Virginia's blue sky law, Va.Code Ann. § 13.1–522(D) (Michie 1991). *See Gurley v. Documation*, 674 F.2d 253, 258–59 (4th Cir.1982). This period begins to run when the plaintiff should reasonably have been expected to discover the alleged fraud. *See id.* at 259. Thus, the § 10(b) claim of the following plaintiff is hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| F. Schuler (M) | 12/85 | | |
| | 10/85 | 9/88 | 11/29/88 |

### 4. *Fifth Circuit*

A district court sitting in Texas, the relevant Fifth Circuit state here, would apply the two-year statute of limitations applied in actions under Texas's the general fraud statute. *See Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 197 (5th Cir.) (citing *Wood v. Combustion Eng., Inc.*, 643 F.2d 339, 346 (5th Cir.1981) and *Breen v. Centex Corp.*, 695 F.2d 907, 911 (5th Cir.1983)); Tex.Bus. & Comm.Code § 27.01 (1992), *cert. denied*, 488 U.S. 924, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988). Under federal law, this period begins to run on the date the plaintiff discovered, or reasonably should have discovered, the defendant's alleged misdeeds. *See Corwin*, 843 F.2d at 197. Applying this rule, the § 10(b) claim of the following plaintiff is hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| A. Maskaur (M) | 09/86 | 11/88 | 11/29/88 |

### 5. Sixth Circuit

A district court sitting in Ohio, the relevant Sixth Circuit state, would apply Ohio's four-year statute of limitations for common law fraud. *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir.1992); *Silverberg v. Thomson McKinnon Secs., Inc.*, 787 F.2d 1079, 1082 (6th Cir.1986); Ohio Rev.Code Ann. § 2305.-09(C) (Baldwin 1992). Under federal law, the period starts to run when the fraud was or should have been discovered in the exercise of reasonable diligence. *See Gaudin v. KDI Corp.*, 576 F.2d 708, 712 (6th Cir.1978). Because this period is longer than that contained in § 213(8), New York's 2–year/6–year period applies to the claims of the Ohio plaintiffs. Therefore, the claims of the following plaintiffs are hereby reinstated:

| Name | Purchase | Discovery | Complaint |
|------|----------|-----------|-----------|
| Coremco (M) | Transfer from J. McNamee, who purchased 02/86 | 09/88 | 11/29/88 |
| T. Rogers (A) | 02/85 | 04/90 | 05/22/90 |

### 6. Seventh Circuit

The Seventh Circuit poses a significantly more difficult question than any other circuit. On June 19, 1991, the rule in the Seventh Circuit was the uniform federal period of one year from discovery of the facts constituting the violation and not more than three years from the date of the alleged violation. *See Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1392–93 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991). However, the retroactivity of *Short* has not yet been resolved by the Seventh Circuit, *see id.* at 1389–90; *see also, e.g., Pommer v. Medtest Corp.*, 961 F.2d 620, 627–28 (7th Cir.1992); *Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1221 (7th Cir.1990); *Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1122 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991), and is the subject of disagreement among Illinois district courts, *compare, e.g., Cortes v. Gratkowski*, 795 F.Supp. 248 (N.D.Ill.1992) (under "principles of retroactivity" as they existed on June 19, 1991, court applied *Chevron* analysis and held against retroactive application); *Bankard v. First Carolina Comms.*, No. 89 C 8571, slip op., 1992 WL 3694 (Jan. 6, 1992) (absent evidence indicating that plaintiff did not rely on prior precedent, *Short* does not apply retroactively); *with Ferguson v. Lurie*, No. 89 C 2283, slip op., 1992 WL 23486 (N.D.Ill. Feb. 5, 1992) (*Short* applies retroactively to plaintiff's claim); *Lewis v. Hermann*, 775 F.Supp. 1137, 1145 (N.D.Ill.1991) (absent evidence of plaintiff's reliance on prior holdings, *Short* applies retroactively); *Greenberg v. Boettcher & Co.*, 755 F.Supp. 776, 785 (N.D.Ill.1991) (*Short* applies retroactively); *Reshal Assocs., Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1240–41 (N.D.Ill. 1990).

Although these district courts by and large employ a *Chevron* test in reaching their results, *but see Berning v. A.G. Edwards & Sons, Inc.*, 774 F.Supp. 480, 484 (N.D.Ill.1991) (questioning viability of *Chevron;* holding *Lampf* retroactive under *Beam* ), the emphasis of their analysis appears to differ somewhat from that of the Second Circuit. As the parties have not briefed the application of the Seventh Circuit's retroactivity law as it existed on June 19, 1991, determination of the reinstatement motion as to the Seventh Circuit plaintiffs shall be deferred pending appropriate briefing.

### 7. Ninth Circuit

Prior to *Lampf,* courts in the Ninth Circuit applied the forum state's statute of

limitations for general fraud claims. *See, e.g., Nesbit v. McNeil*, 896 F.2d 380, 384 (9th Cir.1990); *Davis v. Birr, Wilson & Co.*, 839 F.2d 1369, 1369–70 (9th Cir.1988); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1411–12 (9th Cir.1987).

### a. California Residents

California's statute of limitations for fraud actions is three years. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318 (9th Cir.1992); *Davis*, 839 F.2d at 1369–70; Cal. Civ.Proc.Code § 338(d) (Deering 1992). The three-year period begins to run when the plaintiff has actual knowledge of the fraud or knowledge of facts sufficient to put a reasonable person on notice. The question of notice of fraud is one for the trier of fact. *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir.1990). However, this period is longer than New York's two-year/six-year period and is therefore inapplicable. Applying the statute of limitations contained in § 213(8), the § 10(b) claims of the following plaintiffs would have been timely on June 19, 1991 and are therefore reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| L & S Graves (M) | 10/85 | 09/88 | 11/29/88 |
| R & M Nejdl (M) | 02/86 | 07/89 | 10/18/89 |
| M. Hay (M) | 02/86 | 03/89 | 05/23/89 |
| J. Wheeler (M) | 02/86 | 09/89 | 10/18/89 |
| R & L Goodwin | | | |
| Califinvest (A) | 02/85 | 04/90 | 06/28/90 |
| Arco Gunite (A) | 02/85 | 03/90 | 05/22/90 |
| Califinvest (A) | 02/85 | 04/90 | 06/28/90 |
| W & R Evans (A) | 02/85 | 03/90 | 05/22/90 |
| R & L Goodwin | | | |
| Califinvest (A) | 02/85 | 04/90 | 06/28/90 |
| Gunther Trust (A) | 02/85 | 03/90 | 05/22/90 |
| Hay (A) | 02/85 | 03/90 | 05/22/90 |
| Kauppi (A) | 02/85 | 03/90 | 05/22/90 |
| B & F Norton | | | |
| Califinvest (A) | 02/85 | 04/90 | 06/28/90 |
| M & D Norton | | | |
| Califinvest (A) | 02/85 | 04/90 | 06/28/90 |
| F & K Whitney (A) | 02/85 | 03/90 | 05/22/90 |
| J. Wise (A) | 02/85 | 04/90 | 06/28/90 |

### b. Oregon Residents

Prior to *Lampf*, Oregon district courts applied Oregon's two-year limitations period for fraud to § 10(b) claims. *See Lampf*, 111 S.Ct. at 2777; *Nesbit*, 896 F.2d at 384; Ore.Rev.Stat. § 12.110(1) (1991). The statute of limitations is "not triggered [, however,] until the defrauded individual has actual or inquiry notice that a fraudulent misrepresentation has been made." *Volk*, 816 F.2d at 1412. Applying this rule, the § 10(b) claims of the following plaintiff are hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| A. Petersen (M) | 12/85 02/86 | 04/89 | 05/23/89 |

**352**

### 8. Tenth Circuit

Prior to *Lampf,* federal courts within the Tenth Circuit applied the statute of limitations for fraud of the state in which the alleged violation occurred. *See Bath v. Bushkin, Gaims, Gaines & Jonas,* 913 F.2d 817, 818–19 (10th Cir.1990); *Hackbart v. Holmes,* 675 F.2d 1114, 1120 (10th Cir. 1982); *see also Anixter v. Home–Stake Prod. Co.,* 939 F.2d 1420, 1440–41, *modified,* 947 F.2d 897 (10th Cir.1992).

#### a. Utah Residents

Federal courts sitting in Utah would apply the three-year limitation period found in Utah Code Ann. § 78–12–26(3) (Michie 1992). *See Loveridge v. Dreagoux,* 678 F.2d 870, 874–75 (10th Cir.1982); *Marchese v. Nelson,* 700 F.Supp. 522, 524 (D.Utah 1988). Under that statute, the cause of action does not "accrue" until the aggrieved party discovers the facts constituting the alleged fraud. *Loveridge,* 678 F.2d at 874. This period is longer than New York's two-year/six-year period, and therefore is inapplicable. Applying New York's two-year/six-year period, the § 10(b) claims of the following plaintiffs would have been timely and are therefore reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| J. Seal (M) | 02/86 | 09/89 | 10/18/89 |
| Brown Trust (A) | 02/85 | 03/90 | 05/22/90 |
| Brown (A) | | 03/90 | 05/22/90 |
| Young Trust (A) | 02/85 | 03/90 | 05/22/90 |
| Young (A) | Transfer from Young Trust | 03/90 | 05/22/90 |

#### b. Colorado Residents

Colorado's statute of limitations for fraud is three years from the date the fraud was committed. *Hackbart,* 675 F.2d at 1120; Colo.Rev.Stat. §§ 13–80–108(3) (1991). Because this period is longer than that contained in § 213(8), New York's two-year/six-year period applies. Under that rule, the § 10(b) claim of the following plaintiffs is hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| V & S Ritter (A) | 02/85 | 03/90 | 05/22/90 |

### 9. Eleventh Circuit

A district court in Florida, the relevant Eleventh Circuit state, would apply Florida's two-year statute of limitations applicable to actions under Fla.Stat. § 517.-301(1)(a), (2) (1991). *See Knight v. E.F. Hutton & Co.,* 750 F.Supp. 1109, 1112 (M.D.Fla.1990). Under federal law, the running of this statute of limitations is tolled until the alleged fraud is discovered or reasonably should have been discovered in the exercise of reasonable diligence. *See Osterneck v. E.T. Barwick Indus., Inc.,* 825 F.2d 1521, 1532, 1535 (11th Cir. 1987), *aff'd,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Knight,* 750 F.Supp. at 1112. Whether due diligence would have led to discovery more than two years before suit was filed is a jury question. *Knight,* 750 F.Supp. at 1112.

Applying the two-year Florida statute of limitations, the § 10(b) claim of the following plaintiff would have been timely and is hereby reinstated:

| Name | Purchase | Discovery | Complaint |
| --- | --- | --- | --- |
| Tulsiak | 02/85 | 03/90 | 05/22/90 |

*Conclusion*

For the foregoing reasons, the motion by the *Morin* and *Alberti* plaintiffs is granted in part and denied in part.

It is so ordered.