Bernard **CERTILMAN,** Howard **Rothman,** Edward **Gold,** Richard **Cohen,** Joseph **Cohen,** Matthew **Cohen,** Robert **Cohen,** Jules **Epstein,** Thomas **Clements, III, A & S Investments,** Kenneth S. **Stein,** Robert **Miller** and Barry **Ahron, Plaintiffs,**

v.

Stuart **BECKER,** Stuart **Becker & Company, P.C., Scanbo Management, Ltd., Summerset Associates Limited Partnership, Heron Consulting Corporation,** Helen **Kornfeld,** Ronni Lynn **Arougheti,** Steven M. **Leicht, Fox, Leicht & Co., Leicht & Rein Tax Associates, Ltd.,** Samuel **Rein,** Bradley **Bernstein,** Harry **Shufrin,** Jeffrey **Zukoff** and Robert **Steele, Defendants.**

**No. 92 Civ. 4198 (CBM).**

United States District Court, S.D. New York.

July 27, 1992.

Fink Weinberger, P.C., New York City, for plaintiffs.

Diane K. Kanca, McDonough, Marcus, Cohn & Tretter, P.C., New York City, for defendants.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR A REMAND

MOTLEY, District Judge.

Plaintiffs commenced this action on May 29, 1992 in the Supreme Court of the State of New York, New York County. Plaintiffs' original complaint seeks damages for accountant's malpractice, negligent misrepresentation, breach of fiduciary duty, breach of contract, fraud and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. On June 8, 1992, defendants filed a notice of removal in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a) on the ground that this court has original jurisdiction over the action because it includes a claim for violation of the RICO statute and alleges predicate acts involving violations of federal securities law and mail fraud.

On June 19, 1992, plaintiffs served defendants with an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1] Plaintiffs did not need to obtain the court's permission to amend the complaint because no defendant had served a responsive pleading at that time. The amended complaint is identical to the original complaint except that it omits from the original complaint the sixth cause of action, which alleges RICO violations and predicate acts based on federal law. Plaintiffs

---

1. All of the defendants were served with the amended complaint except Summerset Associates Limited Partnership, Heron Consulting Corporation, Helen Kornfeld and Ronni Arougheti, who have all filed bankruptcy petitions.

now move to remand the case to state court on the grounds that plaintiffs' amended complaint does not assert any claim arising under the constitution or laws of the United States.

It is well settled that a federal district court has discretion under the doctrine of pendant jurisdiction to remand pendant state-law claims to state court if it would be inappropriate for the district court to retain jurisdiction over the case. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The Supreme Court's decision in *Cohill* is directly applicable to the present motion. In that case, the plaintiffs had brought an action in state court alleging several state-law claims and a single federal-law claim. The defendants had removed the case to federal court pursuant to 28 U.S.C. § 1441(a), which allows a defendant to remove an action that falls within the original jurisdiction of the federal courts. The plaintiffs subsequently amended the complaint to delete the claim under federal law which had been the basis for removal. The Supreme Court held that the district court had acted properly in granting the plaintiff's motion to remand the case to the state court in which the plaintiffs had initially filed the action.

In reaching this conclusion, the Court first traced the roots of the modern doctrine of pendant jurisdiction, beginning with *Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which both clarified and broadened the scope of pendant jurisdiction. *Gibbs* held that a federal court has jurisdiction over state-law claims whenever the federal- and state-law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130, 16 L.Ed.2d 218. The *Cohill* Court noted that *Gibbs* emphasized that the exercise of pendant jurisdiction was discretionary, and that a district court should consider factors such as the values of judicial economy, convenience, fairness, and comity in considering whether to exercise pendant jurisdiction. *Cohill,* 484 U.S. at 350, 108 S.Ct. 614, 98 L.Ed.2d 720. When the balance of these factors counsel against the exercise of pendant jurisdiction, the Court continued, offering as an example a case in which the federal-law claims have dropped out of the lawsuit in the early stages of litigation, *Gibbs* authorizes federal courts to decline jurisdiction by dismissing the case without prejudice. *Id.* Applying *Gibbs* to the case before it, the Court framed the question in *Cohill* as whether the district court, having properly concluded that pendant jurisdiction was not appropriate, could relinquish jurisdiction over the case by remanding it to state court instead of dismissing the case without prejudice. The Court answered this question in the affirmative, concluding that any other answer would undermine the values of fairness, economy, convenience and comity that are central to the flexible doctrine of pendant jurisdiction espoused by the Court in *Gibbs.*

The *Cohill* Court proceeded to enumerate a number of circumstances which would support a remand rather than a dismissal once the district court decides not to exercise pendant jurisdiction over the case. One such factor is that the statute of limitations on the plaintiff's state-law claims would operate as a time bar if the lawsuit were dismissed. *Id.* at 352, 108 S.Ct. 614, 98 L.Ed.2d 720. In addition, the Court directed district courts to remand cases that are not properly within the court's pendant jurisdiction whenever the values of economy, convenience, fairness and comity are best promoted by a remand. *Id.* at 353, 108 S.Ct. 614, 98 L.Ed.2d 720.

Defendants urge the court to continue to exercise its discretionary pendant jurisdiction over plaintiff's state-law claims. Defendants make four arguments in support of this position. First, defendants argue that the court should not remand the case to state court because plaintiffs have strategically dropped their federal-law claim from the complaint for the sole purpose of retaining a state forum. *Cohill* recognized that such litigation tactics are a proper factor to be weighed against a remand. *Id.* at 357, 108 S.Ct. 614, 98 L.Ed.2d 720. However, the court is not convinced

that merely omitting a federal-law claim from an amended complaint, as occurred in *Cohill* itself, is a sufficient basis not to grant an otherwise proper remand to state court. The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated.

 Second, defendants argue that the amended complaint continues to plead facts which would support a federal-law claim, specifically, a claim under federal securities law, 15 U.S.C. § 78j and Rule 10b–5. Defendants acknowledge that the amended complaint does not specifically mention any claims arising under federal securities law, and that the state court would not have jurisdiction to hear such a claim. However, defendants contend that a federal securities claim is alleged in the amended complaint and that this court can and should hear it. Plaintiffs characterize defendants' discernment of such a claim as a tortured reading of the complaint which does not withstand scrutiny. Plaintiffs further represent that the amended complaint does not allege any claims cognizable under federal law. This court agrees. The mere allegation that defendants disseminated false and misleading documents relating to the purchase of limited partnership interests, coupled with the allegation that two of the plaintiffs are non-New York residents, does not sufficiently plead a violation of federal securities laws under 15 U.S.C. § 78(j) and Rule 10b–5. *See, e.g., Anspach v. Bestline Products, Inc.,* 382 F.Supp. 1083 (N.D.Cal. 1974) (an action alleging a violation of 15 U.S.C. § 78j(b) and Rule 10b–5 must allege with adequate specificity that an instrumentality of interstate commerce was used).

 Third, defendants take the position that this case is related to a matter pending in United States District Court for the Southern District of New York before the Honorable Robert W. Sweet, *Alberti et al. v. Trupin et al.,* 799 F.Supp. 342 (S.D.N.Y.

1992), and should be consolidated with that case to avoid piecemeal litigation. Plaintiffs dispute this contention, arguing that the litigation before Judge Sweet concerns an entirely different transaction involving no common facts, transactions or occurrences. Plaintiffs also note that *Alberti* was filed in 1990 and discovery proceedings in that case are now fully underway. Were there any merit to defendants' contention of relatedness, the proper course would have been for defendants to have disclosed their contention of relatedness at the time they removed the action to federal court. *See* Rule 15 of the Rules for the Division of Business Among District Judges, United States District Courts for the Southern and Eastern Districts of New York (November, 1991). The determination of relatedness would then be made by the judge presiding over the previously filed case. *Id.* Any contention of relatedness therefore is not properly before this court and is not relevant to the court's determination of plaintiffs' motion for a remand.

 Defendants' final argument against remanding the case is that the state-law issues presented in the amended complaint are neither novel nor complex, and could be resolved by this court without encroaching upon principles of comity and state autonomy. However, the mere fact that the state-law issues presented to a federal court have been previously resolved in the state courts is not sufficient to justify the exercise of pendant jurisdiction when it would otherwise be inappropriate. *Gibbs* concluded that pendant jurisdiction should typically be declined where the federal-law claims drop out of the case prior to the time that the case goes to trial. *Gibbs,* 383 U.S. at 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218. In the present case, the complaint was amended to omit all federal-law claims before the parties engaged in any discovery and before any responsive pleading was filed. With no federal-law claims remaining at this early point in the litigation, the court declines to exercise pendant jurisdiction over the state-law claims in the amended complaint.

In a case such as this where no federal-law claims remain and judicial economy, convenience and fairness do not demand that the district court hear pendant claims, it is appropriate for the district court to remand the case back to the state court. *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir.1988). If the court relinquished pendant jurisdiction by dismissing plaintiff's case, plaintiffs might encounter problems with timeliness under the governing statutes of limitations, and the cost and expense of litigating on the part of the parties and the state court would be needlessly exacerbated.

For the foregoing reasons, this action is remanded to the Supreme Court of the State of New York, New York County.