Roger F. HENDRICKSON and George A. Carter, Plaintiffs,

v.

WESTLAND MINERAL CORPORATION et al., Defendants.

No. 76–619–CIV–JAG.

United States District Court, S. D. Florida, Civil Division.

Nov. 9, 1978.

Helliwell, Melrose & DeWolf, Miami, Fla.,
for plaintiffs.

Fromberg, Fromberg & Roth, Miami, Fla., Hochman, Salkin & DeRoy, Beverly Hills, Cal., for defendants.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

Roger Hendrickson and George Carter have instituted this lawsuit as Official Liquidators and on behalf of four Bahamian business entities, referred to as the "IBT Group." The IBT group is composed of International Bank & Trust Ltd. (IBT), Bahama Savings & Loan Association (BSLA), International Bank & Trust of Nassau (IBTN), and Bahama Savings & Loan Association of Nassau (BSLAN). It is alleged that IBT owns 100% of the stock of BSLA who in turn owns 100% of the stock of both IBTN and BSLAN.

The plaintiff has filed a five count complaint generally alleging that the various individual defendants, acting individually and through their corporate "alter egos", raped, plundered and looted the four Bahamian business entities.

Paragraph two of the complaint alleges that a claim for relief is grounded upon the Securities and Exchange Act of 1934, and more specifically, Rule 10b–5 which was promulgated pursuant thereto. Plaintiff asserts specific federal court jurisdiction, 15 U.S.C. 78aa, as well as pendent jurisdiction for the state claims. Counts II through V allege various state claims grounded upon breach of fiduciary duty, common law fraud and conversion. Count I of the complaint is entitled, and avers some of the elements of, a Rule 10(b)(5) cause of action.

This lawsuit was transferred to this Judge on August 16, 1978, and was set for trial for the two week period commencing October 23, 1978. Upon review of the complaint before the call of the calendar, the Court found that that Count I of the Complaint failed to allege a claim for relief arising under the Securities and Exchange Act of 1934. Having failed to allege a Rule 10b–5 claim the Court finds that it lacks subject matter jurisdiction to entertain this lawsuit.

It is clear that where a plaintiff relies upon the doctrine of pendent jurisdiction for the adjudication of state causes of action the entire complaint may be dismissed upon the dismissal of the "federal" count. See, *Reid v. Hughes*, 578 F.2d 634 (5th Cir. 1978). While Count I of the complaint is not being dismissed for failure to state a cause of action, as it may well be sufficient to state a common law fraud, the Court finds that it is without subject matter jurisdiction to adjudicate Count I because it does not allege a federal cause of action under the Securities Act. Where the Court finds that it is without subject matter jurisdiction, it must dismiss the complaint upon the motion of a defendant or sua sponte. See Rule 12(h)(3). Where the complaint fails to allege facts which would be sufficient to invoke federal Jurisdiction upon a Rule 10b–5 claim, and the remaining claims assert only state claims the complaint must be dismissed. This point was aptly illustrated in *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187 (3rd Cir. 1976) wherein the Court of Appeals ordered the complaint dismissed upon a finding that the complaint did not properly allege a Rule 10b–5 claim. Having improperly or insufficiently alleged a 10b–5 claim the Court was *without jurisdiction* to entertain the complaint.

Turning our attention to Count I of the plaintiffs complaint, which is entitled a securities act claim, we must determine if a Rule 10b–5 claim is asserted so that we have jurisdiction to adjudicate that claim as well as the state claims. The Court finds that Count I does not assert a claim for relief under Rule 10b–5 and therefore this Court's jurisdiction may not be grounded thereon. The Court does not find that Count I fails to state a claim for relief, it finds only that this Court does not have jurisdiction to adjudicate the claim so presented.

A Rule 10b–5 claim must contain an allegation that the plaintiff is a "purchaser" or "seller" of securities within the meaning of the act. *Reid v. Hughes*, supra. The complaint must also allege the "scien-

ter" of the defendant, *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), the materiality of the misrepresentation or omission by the defendant, *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374 (2nd Cir. 1974), actual reliance by the plaintiff on the misrepresentation by the defendant, *Holdsworth v. Strong,* 545 F.2d 687 (10th Cir. 1976), and the "due diligence" of the plaintiff. *Dupuy v. Dupuy,* 551 F.2d 1005 (5th Cir. 1977). The complaint must also show that the alleged fraud had an impact upon United States investors or that a significant aspect of the fraud was perpetrated or originated in the United States. See, *Selzer v. Bank of Bermuda Ltd.,* 385 F.Supp. 415, 418 (S.D. N.Y.1974); *United States v. Clark,* 359 F.Supp. 131 (S.D.N.Y.1973); *Selas of America N.V. v. Selas Corporation of America,* 365 F.Supp. 1382 (E.D.Pa.1973) and *Recaman v. Barish,* 408 F.Supp. 1189 (E.D.Pa. 1975).

■ Paragraph 49 of the complaint alleges three securities transactions upon which the plaintiff relies to establish his Rule 10b–5 claim. The plaintiff identifies "the Residential shares sold by IBT to Chesler"; however, the plaintiff's complaint, on its face, shows that this transaction is barred by the statute of limitations. Paragraph 30 alleges that IBT purchased the Residential shares on May 29, 1970, and, paragraphs 33 & 34 allege that the Residential shares were sold by IBT on September 14, 1971. The statute of limitations is two years. *Nortek v. Alexander Grant,* 532 F.2d 1013 (5th Cir. 1976) and *Hudak v. Economic Research Analysis,* 499 F.2d 996 (5th Cir. 1974). Where the statute of limitations appears on the face of the complaint, the complaint fails to state a claim for which relief can be granted. See, *Mann v. Adams Realty Company Inc.,* 556 F.2d 288 (5th Cir. 1977).

■ The complaint also identifies in paragraph 49 "the IBT shares sold by Chesler to Westland" to support its Rule 10b–5 claim. However, the fact that IBT shares were bought or sold by third parties does not make IBT a purchaser or seller of securities as required by *Reid v. Hughes,* supra.

■ Finally, paragraph 49 identifies "the passbooks sold by IBT to its depositors [as] securities within the meaning of Section 3(a)(10) of the Exchange Act." While in some circumstances passbooks may be securities within the meaning of the Act, see *Garner v. Pearson,* 374 F.Supp. 591 (M.D. Fla.1974), a "forced seller" theory is nowhere alleged. See, *Reid v. Hughes,* 578 F.2d 634, 638 fns. 4 & 5 (5th Cir. 1978).

Thus, it is clear that the plaintiff has not alleged a recognizable "purchase" or "sale" of securities so as to invoke Rule 10b–5 jurisdiction.

■ Assuming that an amendment to the complaint could cure the plaintiff's statute of limitations problem with respect to the sale of the residential shares, or properly assert a "forced seller" situation, the Court further notes that the complaint wholly fails to allege the reliance of the plaintiff upon the misrepresentations, and likewise fails to allege the "due diligence" of the plaintiff in connection with the purchase or sale of securities.

■ Finally, the Court notes that the complaint alleges that the IBT group are Bahamiam corporations, the residential shares are traded only on the Canadian Stock Exchange, and that the plaintiff is a representative plaintiff of the IBT group. There is no allegation that that issuance of Bahamian passbooks had an effect upon American investors or that the sale of the residential shares had an effect upon American investors. Indeed, the damage alleged is that the IBT group is now defunct and worthless. Having failed to allege an "impact" upon American investors the Court lacks Rule 10b–5 subject matter jurisdiction. *Recaman v. Barish,* 408 F.Supp. 1189 (E.D.Pa.1975); *Securities & Exchange Commission v. Capital Growth Company, S.A.,* 391 F.Supp. 593 (S.D.N.Y.1974).

The Court having found that it is without subject matter jurisdiction based upon the Securities Act (or otherwise), and also having found that the jurisdictional defects may be cured with an amended complaint, it is

ORDERED AND ADJUDGED that the complaint in this cause be, and hereby is, DISMISSED, with leave to amend within twenty (20) days of the date of this Order.

DONE AND ORDERED in chambers at Miami, Florida this 9th day of November, 1978.