**Mildred KNIGHT, Plaintiff,**

v.

**E.F. HUTTON AND CO., INC., now known as Shearson Lehman Hutton, Inc., Defendant.**

**No. 89–325–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 11, 1990.

John P. Graves, Jr., Chartered, William T. Kirtley, P.A., Sarasota, Fla., for plaintiff.

Peter W. Homer, Greer, Homer & Bonner, P.A., Miami, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

1. Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Request for Attorneys' Fees and Punitive Damages, filed April 4, 1990, by Defendant Shearson Lehman Hutton, Inc. (Hutton)

2. Response of Plaintiff Mildred Knight (Knight) To Defendant's Motion To Dismiss, filed May 10, 1990

Defendant's motion to dismiss is granted in part and denied in part for the reasons set forth herein.

Plaintiffs bring this action alleging they were fraudulently induced into making a risky investment when relatively risk-free investments were what they sought and were promised. The action, principally founded in federal securities law and alleged violations of federal and state RICO statutes, contains four counts:

Count I for Securities Fraud: Violations of Section 10(b) and Rule 10(b)–5 of the Securities Exchange Act of 1934 (the Exchange Act) and Florida Statutes, § 517.301 of the Florida Securities and Investor Protection Act (FIPA);

Count II for Suitability: Violations of the Exchange Act, FIPA, the National Association of Securities Dealers, Inc. Rules of Fair Practice (the NASD rules) and the Rules of the New York Stock Exchange and the American Stock Exchange (the NYSE rules and the AMEX rules, respectively);

Count III for common law fraud;

Count IV under RICO: Violations of the provisions of 18 U.S.C. § 1961(4) (Federal RICO) and Florida Statutes, § 895.02(3), (Florida RICO).

Defendants move to dismiss on the grounds that the Complaint 1) is barred by the statute of limitations; 2) asserts a private cause of action for violations of various exchange rules; 3) fails to plead essential elements of a Rule 10(b)–5 claim and fails to plead fraud with particularity; and 4) fails to state a claim for relief for alleged violations of Federal and Florida RICO statutes.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## FACTS

Plaintiff Knight is a 77 year old retired widow. Beginning in 1981, when Knight

was 72, and continuing until approximately October, 1987, Plaintiff purchased a series of investments totalling $730,500 from Defendant. Plaintiff contends that prior to her investments with Defendant Hutton, she had conducted investment activities involving only prudent investment media. She further alleges that during the course of her investment activities with Defendant Hutton, she was induced to make unsuitable investments through the fraudulent efforts of Defendant Hutton and its registered representative Ray J. Shouse (Shouse). She also contends that Defendant Hutton, through Shouse, concealed from Plaintiff the true nature and character of the investments.

### Statutes of Limitations

1. Section 10(b), Rule 10(b)–5 and FIPA Claims

■ Defendant Hutton first argues that Plaintiffs' Section 10(b), Rule 10(b)–5, and Florida claims under FIPA are barred by the applicable statutes of limitations. A motion to dismiss based on the tolling of a statute of limitations can be granted only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute. *See Summer v. Land & Leisure, Inc.*, 664 F.2d 965 (5th Cir. Unit B 1981); *Eaton v. Coal Par of West Virginia, Inc.*, 580 F.Supp. 572 (S.D.Fla.1984). This is in keeping with the standard for deciding a Rule 12(b)–6 motion. *See Conley v. Gibson, supra.*

■ Federal securities laws provide no limitation period expressly applicable to Section 10(b) and Rule 10(b)–5 claims. Instead, the Court must apply the limitations period applicable to the law most analogous to Section 10(b) and Rule 10(b)–5 in the forum state. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976); *Friedlander v. Troutman, Sanders & Lockerman*, 788 F.2d 1500, 1502 (11th Cir.1986). In Florida, the most analogous law is found in the Florida Investment Protection Act at Florida Statutes, § 517.301(1)(a). *Nortek, Inc. v. Alexander Grant & Co.*, 532 F.2d 1013, 1015 (5th Cir.1976); *Hudak*

*v. Economic Research Analysis, Inc.*, 499 F.2d 996 (5th Cir.1974). Accordingly, the Court finds that the two-year statute of limitations applicable to § 517.301(1)(a)(2) applies to Plaintiffs' Section 10(b) and Rule 10(b)–5 claims.

■ Although state law provides the applicable statute of limitations, federal law determines when a Section 10(b) and Rule 10(b)–5 claim accrue and thus when the statutory period begins to run. *Kennedy v. Tallant*, 710 F.2d 711 (11th Cir.1983). Under federal law, such claims accrue when Plaintiff "has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Vigman v. Community National Bank & Trust Co.*, 635 F.2d 455 (5th Cir.1981). The concept of due diligence is not a rigid standard, but depends on the facts of each individual case. *Azalea Meats, Inc. v. Muscat*, 386 F.2d 5, 9 (5th Cir.1967).

■ In its response to Hutton's Motion to Dismiss, Plaintiff makes a good-faith, albeit ambiguous, assertion that she did not discover the alleged fraud more than two years prior to bringing suit. Whether due diligence would have led her to that discovery more than two years before suit was filed is a question for the jury. *See Durham v. Business Management Associates*, 847 F.2d 1505, 1509 (11th Cir.1988). Such an issue cannot be resolved on a motion to dismiss. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036 (10th Cir.1980); *Summer v. Land & Leisure, Inc.*, 571 F.Supp. 380 (S.D.Fla.1983). Therefore, Defendant's allegation that Plaintiff's Section 10(b), Rule 10(b)–5 and FIPA claims are time-barred is not persuasive.

2. Common Law Fraud and RICO Claims

■ Defendant also argues that Plaintiff's common law fraud and RICO claims are time-barred. Under Florida law, actions for fraud are subject to a four-year statute of limitations. Florida Statutes, § 95.11(3)(j). The statute of limitations for

Florida RICO claims is five years. Florida Statutes, § 895.05(10). The statute of limitations for Federal RICO claims is five years from the date of the last predicate act. *See* 18 U.S.C. § 3282.

Defendant Hutton points out that the statute of limitations for an action based on fraud is strictly construed against the party bringing the action and that the statute of limitations begins to run when the alleged basis for the action was either discovered or should have been discovered by the exercise of due diligence. *Matthews v. Matthews*, 222 So.2d 282, 284 (Fla.2d DCA 1969). Defendants further argue that some of the twenty-one limited partnerships that Plaintiff purchased between May, 1982 and September, 1986 may be time-barred because they occurred prior to four years from the date of filing this action.

Plaintiffs claim that the statute of limitations was tolled because Hutton's representative, Shouse, fraudulently concealed investment facts from Plaintiff (Paragraph 6 of Complaint). The doctrine of equitable tolling has been considered by this Court in *Armbrister v. Roland International Corp.*, 667 F.Supp. 802 (M.D.Fla.1987). *Armbrister* involved a series of summary judgments sought by aggrieved investors who had purchased Florida real estate. The court was faced with the task of sorting out and applying various limitation periods to the basis of the investor claims that included claims based in the securities laws, and determining whether the operation of such limitation periods had been barred by equitable estoppel or equitable tolling. The court, in considering the matter said:

> Two doctrines are available, in appropriate circumstances not present herein, to avoid a statute of limitations bar; equitable estoppel and equitable tolling ... as the Eleventh Circuit put it the ... doctrine of equitable tolling ... is grounded in fraudulent concealment of harm which gives rise to the right to sue.

*Armbrister*, 667 F.Supp. at 809, 810.

In the present case, the issue of whether Plaintiff has exercised sufficient due diligence in timely discovering the fraud that is the basis of relief sought in the Complaint cannot be resolved on a motion to dismiss. It is a question for the jury. Therefore, Defendant's allegation that Plaintiff's fraud and RICO claims are time-barred is not persuasive.

### Claims Under the Exchange Rules

■ Among other things, Count II alleges Defendant violated the provisions of the Rules of Fair Practice of the NASD, the NYSE and the AMEX. Defendant moves to dismiss those claims on the ground that none of the exchange rules give rise to a private right of action for damages. Indeed, the Eleventh Circuit has held that there is no private cause of action under the federal securities laws for violation of both the NYSE "know your customer rule" and the NASD "suitability rule." *Thompson v. Smith Barney Harris Upham & Co.*, 709 F.2d 1413, 1419 (11th Cir.1983); *see also Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 43 & n. 6 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978). Plaintiff does not contend otherwise. Instead Plaintiff claims that she has an implied cause of action because Defendant's violation of Section 15(b)(4)(E) of the Exchange Act, and violation of the NASD, NYSE or AMEX rules is pertinent to Plaintiff's other claims.

Section 15(b)(4)(E) is a remedial and punitive statute. It provides for the imposition of sanctions against brokers or dealers who aid, abet, counsel, command, induce or procure the violation of Federal Securities Laws or who fail to reasonably supervise another person who commits such a violation. Knight claims that violation of the above-mentioned rules is intertwined with the alleged fraud of Defendant in violation of Section 10(b) and Rule 10(b)–5, and violation of Federal and Florida RICO statutes. Plaintiff further contends that violation of the rules is pertinent to her common law fraud claim.

While this Court is cognizant of the reasoning behind Plaintiff's Count II allegations, to the extent that Count II attempts to state separate claims pursuant to the

NASD, NYSE, or AMEX rules, it is dismissed.

*Failure To State a Claim for Relief under Federal Securities Laws and Failure to Allege Fraud with Particularity*

 Defendant Hutton argues that Knight failed to state a claim for fraud because she did not allege "due diligence," "reliance," and "causation." Further, Defendant claims Plaintiff's failure to particularize the alleged fraud violates F.R.Civ.P. Rule 9(b). Rule 9(b)'s requirement that fraud be alleged with particularity is designed to 1) ensure that allegations are specific enough to provide Defendants notice of the acts of which Plaintiff complains so that Defendants may respond adequately; 2) eliminate complaints filed as a pretext for attempts to discover unknown wrongs; and 3) protect Defendants from unfounded charges of immoral and fraudulent behavior. *See Viscomi v. Paine, Webber, Jackson & Curtis, Inc.*, 596 F.Supp. 1537 (S.D.Fla.1984); *Benoay v. Decker*, 517 F.Supp. 490 (S.D.N.Y.1981); *Kellman v. ICS, Inc.*, 447 F.2d 1305, 1310 (6th Cir. 1971).

To state a claim in a Rule 10(b)–5 case, Plaintiff must allege: 1) a misstatement or omission, 2) of a material fact, 3) made with scienter, 4) on which Plaintiff relied, 5) that proximately caused his or her injury. *Ross v. Bank South, N.A.*, 837 F.2d 980, 991 (11th Cir.1988). The elements of common law fraud are 1) a false statement concerning a material fact; 2) knowledge by the person making the statement that the representation is false; 3) the intent by the person making the statement that the representation will induce another to act on it; and 4) reliance on the representation to the injury of the other party. *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984). Reliance, due diligence and proximate cause are each necessary elements of Section 10(b) actions. *See Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 744 (5th Cir. 1984); *Hendrickson v. Westland Mineral Corp.*, 463 F.Supp. 826, 829 (S.D.Fla.1979).

With the notable exception of due diligence, all these elements are alleged specifically in the Complaint. *See e.g.*, the following subject matter allegations in Knight's complaint:

| Subject Matter of Allegation | Location in Complaint [Paragraph (Page)] |
| --- | --- |
| Misstatements | 1(1); 5(4); 6(4) |
| Scienter/Intent | 6(4); 7(5); 8(6) |
| Reliance | 5(4); 7(6); 8(6) |
| Fraud | 1(1); 1(2) |
| Concealment | 6(4)(5); 7(5) |
| Causation | 6(5) |

Rule 9(b) does not abrogate the concept of notice pleading under Rule 8, F.R.Civ.P. *Durham v. Business Management Assoc.*, 847 F.2d 1505, 1511 (11th Cir.1988). "[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985); *see also Seville v. Industrial Machinery*, 742 F.2d 786, 791 (3rd Cir.1984) (courts must take account of the general simplicity and flexibility contemplated by the rules). Plaintiff Knight's allegation of fraud is made with the particularity sufficient to survive a motion to dismiss.

*Federal and Florida RICO Claims*

 Defendant Hutton, relying in part on Rule 9(b), argues that Plaintiff's Federal and Florida RICO claims are without foundation because Plaintiff did not plead with specificity the acts that allegedly constitute the predicate acts required for violations of RICO. Knight, in her response to Defendant's motion to dismiss, cites the following as references to patterns of predicate acts: Paragraph 1, Page 2; Paragraph 6, Pages 4 and 5; Paragraph 10, Page 9; Paragraph 12, Page 9; and Paragraph 13, Page 9. (Response, Page 12). In addition, Knight cites to a Complaint exhibit that describes twenty-one separate transactions in which Plaintiff was allegedly fraudulently induced by Hutton and Shouse to invest $730,500.

In *Anas, et al. v. Allen, et al.*, 85–1364–Civ–T–13 (M.D.Fla.1985), this Court denied a motion to dismiss Federal and Florida RICO claims in a securities fraud case. The Court said:

The other grounds for dismissal raised in the motion are that the plaintiffs have failed to plead with particularity required by Rule 9(b), Federal Rules of Civil Procedure ... It is true that ... Count V brought under the Federal and Florida civil "RICO" acts, contains claims that require particularity under rule 9(b).... However, as observed in *Walling v. Beverly Enterprises*, [476] 475 F.2d 393 (9th Cir.1979): "Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity." But "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." 2 A.J. Moore, Federal Practice Sec. 9/03 at 1930 (2d Ed., 1972). "Nor does Rule 9(b) require any particularity in connection with an averment of intent, knowledge or condition of the mind. It only requires the identification of the circumstances constituting fraud so that the Defendant can prepare an adequate answer from the allegations." (citations omitted) 476 F.2d at 397. The plaintiff's complaint adequately complies with Rule 9(b), Federal Rules of Civil Procedure.

As Defendant points out, Knight fails to specifically allege the existence of "a pattern of racketeering activity" and the existence of an "enterprise" as set out in *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423 (5th Cir.1987) (quoting *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)). However, the United States Supreme Court, in *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) acknowledged the existence of a private action under Federal RICO and held that there was no requirement that Plaintiff establish a "racketeering injury" to maintain a private action. The *Sedima* Court further stated that if a Defendant engages in a pattern of racketeering activity in a manner forbidden by Section 1962 and such racketeering activity injures the Plaintiff in his business or property, then Plaintiff has a claim under Section 1964(c). Plaintiff Knight's Federal and Florida RICO claim satisfies sufficient RICO elements to withstand a motion to dismiss.

### Punitive Damages

Defendant argues that Plaintiff's demand for punitive damages in the amount of $25,000,000 must be stricken. The Court does not agree. Florida Statutes, § 768.72 states that "no claim for punitive damages shall be permitted unless there is reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." In this case, Plaintiff's allegations of fraudulent concealment and violation of Federal and Florida RICO statutes constitute a reasonable basis upon which punitive damages could be awarded. Therefore, Plaintiff's motion for punitive damages is adequate to withstand Defendant's motion to dismiss.

### Attorney Fees

Defendant argues that attorneys' fees cannot be awarded in the absence of a contract, the creation of a fund, or a statute. *Estate of Hampton v. Fairchild Florida Construction Company*, 341 So.2d 759 (Fla.1977). Defendant also contends that attorneys' fees are not recoverable as damages in an action under Rule 10(b)–5. *Huddleston v. Herman and MacLean*, 640 F.2d 534 (5th Cir.1981).

Defendant also argues that Plaintiff seeks attorneys' fees based on alleged violations of 18 U.S.C. § 1961 and Florida Statutes, Chapter 815. Chapter 815 refers to "Computer Related Crimes." The Court can only assume that Defendant meant Chapter 895, not 815. Defendant is correct in stating that the Federal Statute allows attorneys' fees. Defendant is also correct in pointing out that Florida Statutes § 895.05(7) does not authorize the recovery of attorneys' fees for a private party.

In her response to Defendant's motion to dismiss, Knight quotes Florida Statutes, § 895.05(7) (1987) as reading:

Any person who is injured by reason of any violation of the provision of Chapter 895.03 shall have a cause of action for three-fold, the actual damages sustained and, when appropriate, punitive damages. Such persons shall also recover

**1116**

attorneys' fees in the trial and appellate courts and the costs of investigation and litigation reasonably incurred (emphasis added).

Florida Statutes, § 895.05(7) (1987) and (1989) reads:

> The state, including any of its agencies, instrumentalities, subdivisions or municipalities, if it proves by clear and convincing evidence that it has been injured by reason of any violation of the provision of s. 895.03, shall have a cause of action for threefold the actual damages sustained and shall also recover attorneys' fees in the trial and appellate courts and the costs of investigation and litigation, reasonably incurred. In no event shall punitive damages be awarded.
>
> . . . .

Section 895.05(7) will not support an award of attorneys' fees for Plaintiff.

Plaintiff cites Section 517.211(6) of the FIPA as support for an award of attorneys' fees. (Response, Page 16). The Court assumes that Plaintiff was referring to Florida Statutes, § 517.211(6). Plaintiff correctly quotes § 517.211(6):

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.

Plaintiff has cited sufficient statutory authority so that her demand for attorneys' fees will withstand Defendant's motion to dismiss. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss is Granted against that part of Count II that purports to bring a cause of action for violations of the NYSE, NASD and AMEX rules; it is further

ORDERED that in all other respects, Defendant's Motion to Dismiss is Denied.

DONE and ORDERED.