**In re VALUJET, INC., SECURITIES LITIGATION.**

**No. CIV.A.1:96–CV–1355–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 10, 1997.

James Allen Maines, Carl Wilson Mullis, Eric Charles Lang, Sharon M. Glenn, Long Aldridge Norman, Atlanta, GA, for Maurice J. Gallagher, Jr., Lewis Jordan, Stephen C. Nevin, Robert J. Priddy, ValuJet.

Martin D. Chitwood, Craig Gordon Harley, Chitwood & Harley, Atlanta, GA, Sherrie R. Savett, Carole A. Broderick, Stuart J. Guber,

Berger & Montague, Philadelphia, PA, for Hossein Malekabadi, Todd Ziba Weiner.

Karen L. Morris, Morris & Morris, Wilmington, DE, for Hossein Malekabadi.

Patrick B. Calcutt, Ryan Christopher Rodems, Jonathan L. Alpert, Alpert Barker & Calcutt, Tampa, FL, for Raymond J. Moore, Wildlife in Need.

## *ORDER*

THRASH, District Judge.

This matter is before the Court on (1) Plaintiffs' Motion for Class Certification [Doc. No. 21]; (2) Defendants' Motion to File a Brief Exceeding Twenty–Five Pages [Doc. No. 23]; (3) Defendants' Motion to Dismiss [Doc. No. 24]; (4) Plaintiffs' Motion for a Document Preservation Order to Third Parties [Doc. No. 27]; (5) Plaintiffs' Motion for Leave to File a Brief Exceeding Twenty–Five Pages [Doc. No. 28]; (6) Defendant's Motion to File a Reply Brief Exceeding Fifteen Pages [Doc. No. 34]; and (7) Defendants' Opposition to the Joinder of Defendant Michael Acks [Doc. No. 33].

## I. *BACKGROUND*

The Plaintiffs filed this consolidated shareholder class action asserting various securities-fraud claims against (1) ValuJet, Inc. and its subsidiary ValuJet Airlines, Inc. (collectively "ValuJet"); (2) Robert Priddy, Chairman and Chief Executive Officer of ValuJet; (3) Lewis Jordan, President, Chief Operating Officer, and a member of ValuJet's Board of Directors; (4) Maurice Callagher, Jr., Secretary, Treasurer, and Vice–Chairman of the Board; (5) Stephen Nevin, CFO and a member of the Board; (6) Michael Acks, Controller and Chief Accounting Officer; and (7) Timothy Flynn, a member of the Board. The Plaintiffs consist of members of a potential class of people who purchased ValuJet's common stock during the class period of June 9, 1995 through June 17, 1996.

This securities-fraud case is based primarily on Defendants' alleged misrepresentations during the class period about the safety, plans for expansion, and financial condition of ValuJet Airlines. First, Plaintiffs claim that the Defendants, during the class period, misrepresented and/or failed to disclose various information about ValuJet's safety record.

Second, Plaintiffs claim that Defendants misrepresented certain facts concerning Valu-Jet's plans for expansion and growth. Third, Plaintiffs contend that ValuJet misrepresented financial information by reporting profits without disclosing that its rising profits were realized only because ValuJet did not spend an adequate amount of money on maintenance.

The Plaintiffs allege that during the class period the price of ValuJet common stock was inflated because of these misrepresentations and that Plaintiffs purchased their shares at these inflated prices. The Plaintiffs claim that the Defendants, misrepresentations began to be known following the May 11, 1996 crash of a ValuJet airplane in the Florida Everglades and the subsequent suspension of service. The Plaintiffs allege that the price of their shares then fell dramatically causing them to incur financial losses.

Based on these allegations, Plaintiffs assert that each Defendant knowingly and recklessly violated § 10(b) of the Securities Exchange Act ("Exchange Act") of 1934, and Rule 10b–5 promulgated pursuant to § 10(b) by the SEC. The Plaintiffs further assert that the individual Defendants are liable under § 20(a) of the Exchange Act as control persons by virtue of their executive positions and knowledge of ValuJet's business and operation. The Plaintiffs also charge two of the individual Defendants with insider trading. Finally, the Plaintiffs assert a claim for negligent misrepresentation under Georgia law.

The Plaintiffs moved for class certification, contending that this case satisfies the requirements of Fed.R.Civ.P. 23 for maintaining this suit as a class action on behalf of those persons and entities, with certain exceptions, who purchased ValuJet common stock during the class period. The Defendants have moved to dismiss the case in its entirety under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. They contend that (1) the complaint fails to comply with the heightened pleading standards of Fed. R.Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. No. 104–67, 109 Stat. 743 (codified at 15 U.S.C. § 78u–4(b)); (2) the complaint fails to make

sufficient allegations as to the elements of both a Rule 10b–5 fraud claim and § 20(a) control claim; (3) the complaint fails to overcome the safe harbor for forward-looking statements; (4) the federal securities-fraud claims are barred by the statute of limitations; and (4) the Plaintiffs failed to allege the requisite elements of negligent misrepresentation under Georgia law.

During the briefing on Defendant's Motion to Dismiss, both parties moved to file briefs that exceed the page limitation established under the local rules. The Court recognizes that the issues presented in this large and complex case will necessitate briefs that exceed the page limitations. Accordingly, these motions [Doc. Nos. 23, 28, and 34] are granted.

## II. *MOTION OPPOSING THE JOINDER OF DEFENDANT ACKS*

■ Shortly after the ValuJet plane crashed in the Everglades, several shareholders filed securities-fraud actions against the Defendants. By Order entered September 4, 1996, the Court consolidated these actions and entered a Pretrial Order (1) setting forth a procedure for consolidating newly-filed or transferred cases that relate to the consolidated action and (2) establishing a date to file the consolidated action. The Plaintiffs filed the Consolidated Complaint on October 18, 1996. Although not named in any individual action, the Consolidated Complaint named Acks as one of the individual Defendants. Acks, however, was not served with the Consolidated Complaint. The Plaintiffs then filed a separate action against Acks, Case No. 1–97–CV–1350, asserting the same allegations against Acks and assumed that the Acks Complaint would be consolidated with present Complaint in accordance with the Pretrial Order. The separate Complaint was served on Acks.

The Defendants argue that the joinder of Acks should not be permitted because of noncompliance with both Fed.R.Civ.P. 15(a) and the Pretrial Order. Although Acks was not properly served with the October 18, 1996, Consolidated Complaint, the Court notes that the Defendants were aware of the allegations against Acks as plead in the October 18, 1996 Consolidated Complaint and have framed arguments against Acks in support of their Motion to Dismiss. The Defendants, therefore, have not been prejudiced by the Plaintiffs' attempt to join Acks in this action at a later time. Further, the Pretrial Order clearly provides for the consolidation of newly-filed actions arising out of the same facts as the Consolidated Complaint. Accordingly, the Court denies the Defendants' Opposition to the Joinder of Acks and consolidates the Acks Complaint with the Consolidated Complaint.

## III. *STANDARDS FOR A MOTION TO DISMISS*

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R.Civ. P. 12(b)(6); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero,* 963 F.2d 332 (11th Cir.1992). The Court accepts the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983).

## IV. *RULE 10b–5 CLAIMS*

Section 10(b) of the Exchange Act makes it unlawful to use in connection with the mails or facilities of interstate commerce any "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe...." 15 U.S.C. § 78j. Rule 10b–5, in turn, provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, (1) to employ any device, scheme, or artifice to defraud, (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of circumstances under which they were made, not misleading, or (3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in

connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.

■ To state a claim upon which relief can be granted for federal securities fraud under Rule 10b–5, a plaintiff must allege that "in connection" with the purchase or sale of securities: (1) the defendant made a false statement or omission of material fact, (2) with scienter, (3) upon which the plaintiff justifiably relied, and (4) that caused the plaintiff to suffer injury. *Robbins v. Koger Properties, Inc.,* 116 F.3d 1441, 1447 (11th Cir.1997); *Bruschi v. Brown,* 876 F.2d 1526, 1528 (11th Cir.1989). In the context of this Motion to Dismiss, the Defendants do not challenge Plaintiffs' allegations of justifiable reliance.

## A. *FALSE STATEMENTS OR OMISSIONS*

■ Complaints alleging fraud must meet the heightened-pleading standards of Rule 9(b), which requires that "in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). A fraud claim meets the requirements of Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral presentations, who made the statements, the time and place of the statements, the contents of the statements or manner in which they misled the plaintiff, and what the defendants gained as a consequence. *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1371 (11th Cir.1997).

Recently, Congress passed the PSLRA which, among other things, addressed the pleading standards for fraud as applied in the context of securities class action lawsuits. The PSLRA requires a securities-fraud plaintiff to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading" 15 U.S.C. § 78u–4(b)(1). If an allegation regarding a statement or omission is made on information and belief, the complaint must state with particularity the facts on which the belief is formed. *Id.* Further, as to each statement or omission, plaintiffs must set forth particular facts that give rise to a strong inference that the defendants acted with the required state of mind. 15 U.S.C.

§ 78u–4(b)(2). A complaint that fails to comply with any of these requirements must be dismissed. 15 U.S.C. § 78u–4 (b)(3)(A).

■ In their Motion to Dismiss, the Defendants contend that the Plaintiffs failed to meet the heightened pleading standards of the PSLRA because the Complaint failed (1) to identify the individual Defendant alleged to have committed the fraudulent act; and (2) to specify how each alleged fraudulent statement or conduct was false at the time it was made. The Plaintiffs claim to have set forth in the Complaint 30 specific fraudulent statements that satisfy the "who, what, when, where and how" standard.

In the Complaint, the Plaintiffs allege that representatives of the Federal Aviation Administration ("FAA") identified numerous safety-related incidents involving ValuJet. The Plaintiffs further allege in the Complaint that in February of 1996, the FAA (1) began surveillance of ValuJet; (2) expressed written concern about the training of pilots and ValuJet's safety and maintenance procedures which included numerous, uncorrected violations; and (3) as a result of the February 1996 inspection, expressly required ValuJet to get FAA approval before buying more planes or beginning access to new cities. As alleged in the Complaint, an FAA letter to Defendant Jordan, dated February 29, 1996, expressed concern about ValuJet's meeting the highest possible degree of safety in the public interest.

The Plaintiffs allege that, despite the numerous safety-related incidents and FAA heightened scrutiny of ValuJet's operations, (1) Defendants Jordon and Priddy fraudulently represented in the 1995 report to shareholders that ValuJet's paramount goal was profitability while maintaining operational integrity; (2) Defendant Priddy fraudulently represented at an investor's conference in April, 1996 that ValuJet planned to add additional aircraft and that growth would be significant; and (3) Defendant Jordan fraudulently represented in a press release in April, 1996 that ValuJet's safety record had been certifiably among the very best in the airline industry. When viewing the allegations in the Complaint as true, the Court finds that Defendants Jordan and Priddy's

alleged misrepresentations during the class period are sufficiently plead under the PSLRA heightened-pleading standards to constitute false statements for the purposes of a Rule 10b–5 claim.

■ The Plaintiffs further allege that ValuJet filed several financial statements during the class period showing an upward trend in ValuJet's profitability. The Plaintiffs contend that these statements were false and misleading because they failed to disclose that the profits were due to ValuJet's failure to comply with FAA's regulations and other safety guidelines. The Plaintiffs allege that ValuJet filed its 1995 Form 10–K on March 29, 1996, for the 1995 fiscal year, and that the 1995 Form 10–K contained fraudulently misleading statements about ValuJet's profitability when viewed in connection with their failure to comply with safety and maintenance guidelines. The Plaintiffs further allege that the 1995 Form 10–K reported ValuJet's plans to acquire new planes without disclosing that it needed FAA approval before such expansion could be undertaken. The 1995 Form 10–K was signed by Defendants Priddy, Jordan, Nevin, Acks, Gallagher and Flinn.

Under the "group publication doctrine," the Plaintiffs may satisfy the pleading requirements by alleging that an individual defendant signed a publication containing misstatements. *See Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir.1988); *In re U.S. Bioscience Securities Litigation,* 806 F.Supp. 1197, 1203 (E.D.Pa.1992)(allegations that outside directors signed a financial statement provides basis for asserting liability against them under the group publication doctrine). Here, the Plaintiffs allege that each individual Defendant signed the Form 10–K. Accordingly, when viewing every allegation in the Complaint as true, the Court finds that the Plaintiffs have made sufficient allegations against each individual Defendant to constitute false or misleading statements for the purposes of a Rule 10b–5 claim.

■ Further, in adequately pleading a Rule 10b–5 claim, the Plaintiffs must allege that the alleged misrepresentations occurred "in connection with the purchase or sale of a security." 17 C.F.R. § 240.10b–5. A misrepresentation is "in connection" with a securi-

ties transaction if the misrepresentation "touches" the purchase or sale of the security. *Superintendent of Ins. v. Bankers Life & Cas. Co.,* 404 U.S. 6, 12–13, 92 S.Ct. 165, 169, 30 L.Ed.2d 128 (1971). Here, the various misrepresentations and omissions as to the safety and growth of ValuJet were contained in press releases, investor conferences and official financial statements. As such, the Plaintiffs have adequately plead that these misrepresentations and omissions were made in connection with the purchase or sale of a security. *Cf. Hemming v. Alfin Fragrances, Inc.,* 690 F.Supp. 239, 244–45 (S.D.N.Y.1988)(statements made in commercial advertisements and aimed at consumers rather than investors are not actionable under Rule 10b–5).

## B. *MATERIALITY*

■ Materially misleading statements or omissions by a defendant constitute the primary element of a Rule 10b–5. *Basic, Inc. v. Levinson,* 485 U.S. 224, 246–47, 108 S.Ct. 978, 991–92, 99 L.Ed.2d 194 (1988). A false statement or omission will be considered "material" if its disclosure would alter the total mix of facts available to an investor and "if there is a substantial likelihood that a reasonable shareholder would consider it important" to the investment decision. *Id.* Materiality is a mixed question of law and fact. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2nd Cir.1985). A complaint may not be dismissed under Rule 12(b)(6) unless the alleged misstatements and omissions are "so obviously unimportant to a reasonable investor that reasonable minds could differ on the question of their importance." *Id.*

■ Here, when viewing the allegations in the Complaint as true, the Court cannot conclude that the statements made by Defendant Jordan regarding ValuJet's safety record and the statements and omissions in the Form 10–K statement were clearly unimportant to the average investor. Accordingly, the Plaintiffs have adequately plead material misrepresentations against the individual Defendants.

■ Another aspect of the materiality question involves whether the alleged misrepresentations and omissions are protected

from securities-fraud claims as forward-looking statements. The PSLRA's safe harbor for forward looking statements prohibits liability based on forward-looking statements if (1) the statement is identified as a forward-looking statement and accompanied by cautionary language, (2) the statement was immaterial, or (3) the plaintiff fails to establish that the person (or entity) making the statement had "actual knowledge" of its falsity. 15 U.S.C. § 78u–5(c)(1)(A)(i) and (B). SEC Rule 3b–6 provides a safe harbor for forward-looking statements made in a quarterly or annual report if the statements were made with a "reasonable basis" and "in good faith." 17 C.F.R. § 240.3b–6. Finally, under the judicially created "bespeaks caution" doctrine, misstated "forecasts, opinions, or projections" do not amount to "material misrepresentations" if "meaningful cautionary statements" accompany the forward-looking statements. *Saltzberg v. TM Sterling/Austin Assoc.,* 45 F.3d 399, 400 (11th Cir.1995) (adopting the bespeaks caution doctrine as outlined in *In re Donald J. Trump Casino Secs. Litig.,* 7 F.3d 357, (3d Cir.1993) for claims under § 10(b) and Rule 10b–5).

Here, with respect to the alleged misrepresentations found to be material, the Defendants' reliance on the bespeaks caution doctrine and the PSLRA safe harbors is misplaced. Although the alleged material misrepresentations in the Form 10–K relate to ValuJet's expansion plans, these allegations are not based on forward-looking statements. Plaintiffs do not allege that Defendants fraudulently announced expansion plans and then failed to follow through on these plans. Instead, Plaintiffs allege misrepresentation of existing facts. Specifically, Plaintiffs claim that Defendants misrepresented and failed to disclose the fact that FAA approval was required before expansion could be consummated. Statements regarding the safety record of ValuJet also are not protected as forward-looking statements.

C. *SCIENTER*

The Supreme Court has defined scienter as "a mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 194, 96 S.Ct. 1375, 1380, 47 L.Ed.2d 668 (1976).

With regard to scienter, the PSLRA requires that plaintiffs must set forth as to each statement or omission particular facts that give rise to a strong inference that the defendants acted with the required state of mind. 15 U.S.C. § 78u–4(b)(2).

The application of the PSLRA's standard has produced considerable debate in the district courts. Before the enactment of the PSLRA, the Second Circuit held that a plaintiff could properly plead scienter by alleging (1) facts constituting strong circumstantial evidence of reckless or conscious misbehavior, or (2) facts showing that the defendants had both motive and opportunity to commit fraud. *Shields v. Citytrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994).

Since the PSLRA's enactment, several courts have held that the PSLRA's requirements for pleading scienter is consistent with both aspects of the Second Circuit's rule. *Fugman v. Aprogenex Inc.,* 961 F.Supp. 1190, 1195 (N.D.Ill.1997); *Rehm v. Eagle Fin. Corp.,* 954 F.Supp. 1246, 1250–53 (N.D.Ill.1997); *Marksman Partners, L.P. v. Chantal Pharmaceutical,* 927 F.Supp. 1297, 1311 (N.D.Cal.1996). Conversely, other courts have concluded that Congress intended to eliminate the "motive and opportunity" prong of the Second Circuit's pleading standard and that the plaintiff must set forth specific facts that "create a strong inference of knowing misrepresentation on the part of the defendants." *Norwood Venture Corp. v. Converse Inc.,* 959 F.Supp. 205, 208 (S.D.N.Y.1997) (quoting *In re Silicon Graphics, Inc. Securities Litigation,* 970 F.Supp. 746, 757 (N.D.Cal.1997)). Thus, the courts in *Norwood* and *Silicon* hold that the PSLRA intended a higher pleading requirement than the Second Circuit by not codifying its motive, opportunity and recklessness standards.

██ The courts adopting the Second Circuit's scienter requirement and those imposing a more stringent standard have both cited the PSLRA's contradictory legislative history in support of the respective positions. *Compare Rehm,* 954 F.Supp. at 1250–53 *with Silicon,* 970 F.Supp. at 754–57. Here, when viewing the allegations in the complaint as true, the Court finds that Plaintiffs have alleged conscious behavior that allows an in-

ference of fraudulent intent against the Defendants. The Plaintiffs' complaint is replete with allegations detailing the Defendants' knowledge of the safety and maintenance problems and the FAA investigation at the same time the Defendants were making representations in press releases and the 1995 Form 10–K regarding ValuJet's safety and plans for growth. These allegations, if proven at trial, create a strong inference that the Defendants possessed a mental state embracing intent to deceive, manipulate, or defraud at the time of the alleged misrepresentations and omissions. Because the Plaintiffs have adequately plead scienter under the stringent standards of *Norwood* and *Silicon,* the Court does not reach the issue of whether pleading facts constituting evidence of reckless behavior or motive and opportunity to commit fraud is sufficient under the PSLRA to plead scienter.

### D. *CAUSATION*

Plaintiffs must prove both actual causation (transaction causation) and proximate causation (loss causation) to prevail on their Rule 10b–5 claims. *Bruschi v. Brown,* 876 F.2d 1526, 1530 (11th Cir.1989). To plead transaction causation sufficiently, the Plaintiffs can allege that the Defendants' misrepresentations or omissions induced the Plaintiffs to make the investment. *In re Checkers Securities Litigation,* 858 F.Supp. 1168, 1177 (M.D.Fla.1994). To plead loss causation sufficiently, the Plaintiffs can allege they would not have invested had they known the truth, and that the untruth was in some reasonable direct way responsible for the loss. *Id.* A review of the Complaint reveals that the Plaintiffs have adequately plead both actual and loss causation.

### V. *SECTION 20(a) CLAIM*

Under Section 20(a) of the Exchange Act, any person who "controls" someone who violates the Act is jointly and severally liable for this violation. 15 U.S.C. § 78t(a). The Exchange Act's implementing regulations define control as "the possession, direct or indirect, of the power to direct or cause the direction of the management policies of a person." 17 C.F.R. § 230.405. To allege "controlling person" liability under § 20, a plaintiff must allege (1) that the defendant had the power to control the general affairs of the primary violator and (2) that the defendant had the power to control the specific corporate policy that resulted in the primary violation. *Brown v. Enstar Group Inc.,* 84 F.3d 393, 396 (11th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 950, 136 L.Ed.2d 838 (1997).

Here, Plaintiffs have adequately alleged controlling-person liability against the individual Defendants, including Defendant Flinn who is an outside director. Plaintiffs claim that because of their management positions and/or positions as directors, the individual Defendants could control ValuJet's general affairs. In addition, Plaintiffs specifically allege that the individual Defendants occupied positions of power within ValuJet and disseminated information about ValuJet's safety and maintenance practices. The Plaintiffs further allege that Defendant Flinn was a co-founder of ValuJet and had signed the 1995 Form 10–K which contained material misrepresentations and omissions. These allegations are sufficient to state a cause of action for controlling-person liability.

### VI. *STATUTE OF LIMITATIONS*

Securities-fraud claims under Rule 10b–5 must be brought within one year after discovery of the facts constituting the violation and within three years after the violation. 15 U.S.C. § 77m; *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 2782–83, 115 L.Ed.2d 321 (1991). The statute begins to run when the plaintiff "has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Knight v. E.F. Hutton & Co.,* 750 F.Supp. 1109, 1112 (M.D.Fla.1990) (quoting *Vigman v. Community National Bank & Trust Co.,* 635 F.2d 455 (5th Cir.1981)). The defendants bear the burdens of production and persuasion as to a statute of limitations defense. *Smith v. Duff and Phelps, Inc.,* 5 F.3d 488, 492, n. 9 (11th Cir.1993).

In this action, the Plaintiffs allege that the safety problems and violations of FAA regulations were not disclosed to the

public until after May 11, 1996, when a Valu-Jet plane crashed in the Florida Everglades. While many of the alleged ValuJet safety violations occurred before 1996, the .Court finds that the Plaintiffs did not have proper notice of the asserted Rule 10b–5 violations until May 11, 1996. Thus, in the context of a motion to dismiss, the Plaintiffs' Consolidated Complaint filed on October 18, 1996, is not barred by the running of the one-year statute of limitations.

## VII. NEGLIGENT MISREPRESENTATION

With regard to a claim for negligent misrepresentation, Georgia has adopted the rule enunciated in the Restatement of Torts 2d, § 552 which provides:

> One who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. In making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach.

*Robert & Co. Assoc. v. Rhodes–Haverty Partnership,* 250 Ga. 680, 681–82, 300 S.E.2d 503, 504 (1983). The issues presented in this motion to dismiss are whether the Plaintiffs have (1) sufficiently plead reliance; and (2) standing to pursue their claim of negligent misrepresentation.

■ In the Complaint, the Plaintiffs do not allege that any particular Plaintiff relied on any specific misrepresentation by the Defendants. Rather, they assert a "fraud on the market" theory by claiming that they relied on the alleged misrepresentations in the various documents and press releases to purchase ValuJet common stock. The con-trolling question is whether the "fraud on the market" theory is available to the Plaintiffs under Georgia law or whether the Plaintiffs must allege actual reliance.

While the Eleventh Circuit is silent on this issue, the majority of courts have held that § 552 of the Restatement requires actual reliance before a party may be held liable for negligent misrepresentation. *See In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 403–04 (6th Cir.1997); *Smolen v. Deloitte, Haskins & Sells,* 921 F.2d 959, 964 (9th Cir.1990); *In re Westinghouse Secs. Litig.,* 832 F.Supp. 948, 989 (W.D.Pa.1993); *Goldman Services Mechanical Contracting, Inc. v. Citizens Bank and Trust Co. Of Paducah,* 812 F.Supp. 738, 742 (W.D.Ky.1992); *but see Hurley v. Federal Deposit Ins. Corp.,* 719 F.Supp. 27, 34, n. 4 (D.Mass.1989) (the court extended the "fraud on the market" theory to the pendent state law claim of negligent misrepresentation even though no Massachusetts case endorsed such theory).

Georgia courts have not adopted the "fraud on the market" theory with respect to claims of negligent misrepresentation. This Court is reluctant to adopt such a theory as it believes that the Georgia Supreme Court would follow the majority approach. Accordingly, the Plaintiffs' negligent misrepresentation claims are dismissed for failure to plead actual reliance by any specific plaintiff as to any of the Defendants' alleged misrepresentations. It is therefore unnecessary to consider whether the Plaintiffs have standing to pursue their negligent misrepresentation claims.

## VIII. OUTSTANDING MOTIONS

The Plaintiffs moved for class certification, contending that this case satisfies the requirements of Fed.R.Civ.P. 23 for maintaining this suit as a class action on behalf of those persons and entities who purchased ValuJet common stock during the class period, with certain exceptions. Before responding to this motion, the Defendants filed their Rule 12(b)(6) Motion to Dismiss. The PSLRA provides that all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B). Thus, the Motion for Class Certification was stayed pending the resolu-

tion of the Motion to Dismiss. In view of the fact the Defendants have never responded to the Motion for Class Certification, the Court grants the Defendants 20 days from the entry date of this Order to file a response.

Plaintiffs have also filed a Motion for a Document Preservation Order as to Third Parties. Although the Plaintiffs indicate that this motion is unopposed, the motion was filed during the pendency of the Motion to Dismiss. Accordingly, the Court grants the Defendants 20 days from the entry date of this Order to file any objection.

## IX. *SUMMARY*

In summary, the parties' respective Motions to File Briefs that Exceed the Page Limitation [Doc. Nos. 23, 28, and 34] are GRANTED. The Defendants' Motion to Dismiss [Doc. No. 24] is GRANTED IN PART, and the Plaintiffs' state claims of negligent misrepresentations are DISMISSED. The motion is DENIED in all other respects. The Defendants' Opposition to the Joinder of Defendant Acks [Doc. No. 33] is DENIED. Finally, the Defendants shall have (20) days from the entry date of this Order to file a response to the Plaintiffs' Motion for Class Certification [Doc. No. 21] and Motion for a Document Preservation Order as to Certain Third Parties [Doc. No. 27].